# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-03277-CV-S-MDH |
| VICTOR PURDIE, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Government's Petition to Determine Present Mental Condition of an Imprisoned Person. (Doc. 1). The Magistrate judge prepared a Report and Recommendation recommending that Defendant be committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility pursuant to 18 U.S.C. § 4245. The Report and Recommendation is hereby adopted and it is **ORDERED** that Defendant be committed pursuant to § 4245.

The findings of the Report and Recommendation are incorporated herein. In this matter, on September 8, 2017, Defendant was sentenced by the Superior Court of the District of Columbia to a term of imprisonment of 120 months for the crime of Voluntary Manslaughter. His projected release date is March 30, 2022. In September of 2019, Defendant began displaying psychotic symptoms and acting aggressively and assaultive towards staff and inmates at USP Beaumont. On November 5, 2019, he was transferred to the Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri for evaluation. Attached to the Petition is the August 10, 2020 Psychological Report of Elizabeth Tyner, Ph.D., Chief Psychologist at the MCFP. (Doc. 1-2.)

Dr. Tyner diagnosed Defendant with Schizoaffective Disorder, Bipolar Type. *Id*. at 8. His manic symptoms include "agitation, erratic and aggressive behavior, lack of sleep, increased irritability, pressured speech, racing thoughts, and disorganized behavior." *Id*. His psychosis manifests as "paranoid thinking" and "historical auditory and visual hallucinations." *Id*. Dr. Tyner also found Defendant "meets criteria for Antisocial Personality Disorder." *Id*.

Following his arrival at the MCFP, despite administration of anti-psychotic medication, Defendant's "psychosis and mania (excessive irritability and energy) progressively worsened," evidenced by his not sleeping, yelling, mumbling unintelligibly and banging the wall of his cell. *Id*. at 7. Involuntary administration of medication commenced, leading to a significant decrease in Defendant's agitation, although he remains irritable, disorganized and aggressive, requiring his placement in secured housing. *Id*. Throughout the evaluation period, Defendant showed no insight to his illness, consistently denying that he is mentally ill or needs treatment. *Id*. Based on the foregoing, Dr. Tyner concluded that Defendant "presently manifests a severe mental illness, for which he needs custody for care and treatment in a suitable facility," and recommended his commitment under Section 4245. *Id*. at 8-9. In response, Defendant formally objected to entering inpatient treatment. (Doc. 1-3.)

On defense counsel's request, Shawna Baron, Psy.D., Licensed Psychologist, conducted an additional psychological examination of Defendant on November 17, 2020. (Doc. 6.) Dr. Baron interviewed Defendant and reviewed his records. Based on Defendant's disorganization, paranoia, agitation, irritability and disruptive and violent behaviors throughout his adult life, she diagnosed him with Schizophrenia, also noting his history of noncompliance with medication. *Id*. at 6. Dr. Baron further observed that Defendant continues to "exhibit prominent psychotic symptoms that seriously impair his ability to communicate in a meaningful manner" despite involuntary

medication administration, remains on a locked unit and lacks insight. *Id*. at 7. Thus, like Dr. Tyner, Dr. Baron concluded that Defendant suffers from "a serious mental illness that requires inpatient treatment" and recommended his commitment under Section 4245. *Id*. at 7.

An evidentiary hearing was held via Zoom video teleconferencing on January 12, 2021. (Doc. 9.) Defendant appeared, as did his attorney, David Mercer, and the Government was represented by Shane McCullough. Defendant testified that he has had a mental illness since 1979, which he identified as paranoid schizophrenia. (Doc. 10 at 3.) He stated that he is taking medication, which helps his mental state. *Id*. at 4. Lastly, he claimed he has had no disciplinary writeups recently, and said he would have no problem being in open population. *Id*. at 5-6.

Defendant, by counsel, excepts to the Report and Recommendation. (Doc. 12). Defendant objects on the ground that the preponderance of the evidence does not establish that Defendant is "presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility[.]" (Doc. 12, 1) (citing 18 U.S.C. § 4245(d)). This Court disagrees. The opinions of Dr. Tyner and Dr. Baron both describe Defendant's severe mental illness, with symptoms including paranoia, disorganization, irritability and agitation, and the resultant aggressive and disruptive behaviors. The Magistrate Judge notes that although "Defendant's testimony may be indicative of some recent improvement in his awareness of his situation, his generally documented lack of insight and refusal to comply with treatment of medication hinder his ability to attain functionality in an open environment." (Doc. 11, 3).

## CONCLUSION

The Report and Recommendation is adopted over Defendant's objection. It is **ORDERED** that Defendant be committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4245.

**IT IS SO ORDERED.**

Dated: February 4, 2021                                       */s/ Douglas Harpool*
                                                                                    **DOUGLAS HARPOOL**
                                                                                    **United States District Judge**